In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00137-CR

                                                ______________________________

 

 

                               ANTHONY F. TOMASHESKI,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 5th Judicial District Court

                                                             Bowie County, Texas

                                                       Trial Court
No. 07F0235-005

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Anthony
F. Tomasheski paid Andrew Stokes a visit, but this was not a cordial house
call.  Angered by an outstanding debt,
Tomasheski greeted Stokes by punching him in the face.  Stokes reached for his black baseball bat to
protect himself.  The unsuccessful
maneuver allegedly led to Tomasheski’s possession of the bat and resulting
blows to Stokes’ shoulder and head. 
Tomasheski left after Stokes produced a hundred dollar bill.  Neighbor Richard Knight heard the noise from
the fight and left his house, finding Stokes “pretty beat up.”  He was “bleeding from his scalp” “and in his
face,” “wasn’t completely conscious,” and was “grabbing on his shoulder
. . . like he was hurting.” 
Stokes required a craniotomy and fell into a coma for two days as a
result of his injuries. 

            Tomasheski
was charged with two counts of aggravated assault.  Count one alleged he “intentionally,
knowingly, or recklessly cause[d] serious bodily injury to Andrew Stokes by
striking [him] with a baseball bat” and with his fists.  Count two alleged he intentionally or
knowingly caused bodily injury to Stokes in the manner described in count one,
and also used or exhibited a baseball bat as a deadly weapon during the alleged
assault.  The jury found Tomasheski
guilty of only count one of the State’s indictment.  It assessed a $5,000.00 fine and five years’
confinement and recommended the trial court suspend Tomasheski’s sentence and
place him on community supervision.  

            We
affirm the trial court’s judgment, because (1) the amended judgments resolve Tomasheski’s
judgment complaints and (2) the exclusion of extraneous-offense evidence was harmless.

(1)        The Amended Judgments Resolve Tomasheski’s
Judgment Complaints

 

            Initially,
the trial court issued two judgments, both reflecting guilt for aggravated
assault with a finding that Tomasheski exhibited a deadly weapon during the
commission of the crime.  Each judgment
suspended a five-year sentence and placed Tomasheski on community supervision
for a period of ten years.  Because the
jury found Tomasheski guilty of only count one of the State’s indictment, the
first point of error on appeal complained that the trial court erroneously
entered a judgment of conviction on count two. 
Realizing this mistake, the trial court issued amended judgments of
conviction.  The first amended judgment
finds Tomasheski guilty of aggravated assault, removes the deadly weapon
finding, imposes the jury-assessed $5,000.00 fine, and suspends the sentence
with imposition of community supervision for a period of ten years.  The second judgment reflects that the jury
found Tomasheski “not guilty.”  We find
that the trial court’s amended judgments resolve the complaint raised in
Tomasheski’s first point of error.  It is
overruled.  

            Next,
Tomasheski argues that the trial court erred in making him pay the jury’s
assessed fine of $5,000.00 as a condition of community supervision.  Because the trial court’s amended condition
of community supervision removes the requirement that Tomasheski pay the
$5,000.00 as restitution, we overrule this point of error as well.  

(2)        The Exclusion of Extraneous-Offense
Evidence Was Harmless

 

            Tomasheski
asserted the issue of self-defense. 
Outside of the presence of the jury, he told the trial court he punched
Stokes once because Stokes was “rushing” him, trying to hit him first.  When Stokes retrieved the baseball bat and “tried
to whack” his opponent, Tomasheski “grabbed him and the bat.”  Tomasheski wanted to introduce testimony of
extraneous offenses describing Stokes’ violent character to establish a
reasonable belief that his use of force against Stokes was “immediately
necessary to protect [himself] against [Stokes’] use or attempted use of
unlawful force.”  See Tex. Penal Code Ann.
§ 9.31 (Vernon Supp. 2009).  He wanted to
demonstrate that “his perception he was in danger was justified.”  Specifically, Stokes’ ex-wife and Skip
Dewberry were prepared to testify that Stokes had previously assaulted them, as
well as others, with his baseball bat. 
The State objected that the evidence was irrelevant, and alternatively,
violated Rules 403 and 404 of the Texas Rules of Evidence.  The trial court excluded this evidence under
Rule 403, a decision Tomasheski complains was erroneous.  

            In
excluding evidence of the extraneous offenses, the trial court stated, “It’s
evidence that’s offered essentially to show that the victim’s a bad
person.  It’s the old-son-of-a-gun had it
coming defense.”  The court pointed to
the fact that only Tomasheski and Stokes were present during the assault and
ruled “that this is essentially a swearing match between the defendant and the
victim, the offer of extraneous evidence creates a danger of unfair prejudice.”  Tomasheski argues that the trial court’s
reasoning in excluding the proffered evidence denied him his “constitutional
right to present a meaningful defense” and suggests that the trial court acted
as the fact-finder on the question of self-defense.   

            One unusual
twist that colors our entire analysis of this issue is that, while Tomasheski
admitted to the initial punch, he denied hitting Stokes with the bat.  Thus, it appears that his self-defense claim
can apply only to the initial punch, not to any assault with the bat.  Therefore, we examine this issue in light of
the question of whether the evidence of the extraneous offenses would help
establish his reasonable belief that punching Stokes was “immediately necessary
to protect [him] against [Stokes’] use or attempted use of unlawful force.”  Because, here, the self-defense claim
legitimately addressed only the initial punch, not the assault with Stokes’
bat, the essential force of the proffered testimony about Stokes’ prior use of
his bat was a general tendency toward violence, rather than a particular danger
from Stokes’ bat.

            A trial
court’s decision to admit or exclude evidence is reviewed only for an abuse of
discretion.  McDonald v. State, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005); Willover v. State, 70 S.W.3d 841, 845
(Tex. Crim. App. 2002).  We do not
disturb a trial court’s ruling if the decision to admit evidence is within the “zone
of reasonable disagreement.”  Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (op. on reh’g). 
We may not substitute our own decision for that of the trial court.  Moses
v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  If the trial court’s decision on the
admission of evidence is supported by the record, the trial court will not be
reversed.  Osbourn v. State, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); Montgomery, 810 S.W.2d at 379.  

            Although the
trial court ruled that the extraneous offenses were admissible under Rule 404,
it excluded the evidence after conducting a Rule 403 balancing test.  “Evidence may be excluded if its probative
value is substantially outweighed by the danger of unfair prejudice, confusion
of the issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence.” 
Tex. R. Evid. 403.  The following relevant criteria are used in
determining whether the prejudice of Stokes’ extraneous offenses substantially
outweighed its probative value:

(1)        how compellingly the extraneous offense
evidence serves to make a fact of consequence more or less probable—a factor
which is related to the strength of the evidence presented by the proponent . .
.;

 

(2)        the potential the other offense evidence
has to impress the jury “in some irrational but nevertheless indelible way”;

 

(3)        the time the proponent will need to
develop the evidence, during which the jury will be distracted from consideration
of the indicted offense;

 

(4)        the force of the proponent’s need for
this evidence to prove a fact of consequence, i.e., does the proponent have
other probative evidence available to him to help establish this fact, and is
this fact related to an issue in dispute.

 

Mozon v. State, 991
S.W.2d 841, 847 (Tex. Crim. App. 1999) (citing Montgomery, 810 S.W.2d at 388–90).  We must give appropriate deference to the
trial court’s determination that the probative value of the evidence in
question was substantially outweighed by the danger of unfair prejudice.  Dudzik
v. State, 276 S.W.3d 554, 561 (Tex. App.—Waco 2008, pet. ref’d) (citing Moses, 105 S.W.3d at 627).

 

            A.        The
Extraneous-Offense Evidence Was Relevant

 

            Would Stokes’
extraneous offenses, in which he used a baseball bat to assault others, aid in
establishing the reasonableness of a belief by Tomasheski that the initial
punch was “immediately necessary to protect [him] against [Stokes’] use or
attempted use of unlawful force?” 
Because Tomasheski was “aware of Mr. Stokes’ history,” we find the
extraneous offenses make Tomasheski’s self-defense claim, as to the punch, more
probable.[1]  This factor weighs in favor of admission.

            B.        The
Evidence Would Not Impress the Jury in Some Irrational Way

 

            One question
is the potential of Stokes’ extraneous-offense evidence to impress the jury “in
some irrational but nevertheless indelible way.”  The State points to the trial court’s
suggestion that the evidence would “essentially show that the victim is a bad
person deserving of his injuries” and argues this was proof that the jury would
be impressed in some irrational, but nevertheless indelible way.  We consider Rule 404 in analyzing this
Rule-403 factor, due to the trial court’s employed reasoning.  The Texas Court of Criminal Appeals recently
explained:

The
defendant may offer reputation or opinion testimony or evidence of specific
prior acts of violence by the victim to show the “reasonableness of defendant’s
claim of apprehension of danger” from the victim.  This is called “communicated character”
because the defendant is aware of the victim’s violent tendencies and perceives
a danger posed by the victim, regardless of whether the danger is real or not.  This theory does not invoke Rule 404(a)(2)
because Rule 404 bars character evidence only when offered to prove conduct in
conformity, i.e., that the victim acted in conformity with his violent
character.  Here, the defendant is not
trying to prove that the victim actually is violent; rather, he is proving his
own self-defensive state of mind and the reasonableness of that state of mind.

 

Ex parte Miller,
No. AP-76,167, 2009 WL 3446468, at *4 (Tex. Crim. App. Oct. 28, 2009)
(citations omitted).  Rule 404(a)(2)
provides that “[i]n a criminal case . . . evidence of a pertinent character
trait of the victim of the crime offered by an accused is allowed” to prove
action in conformity therewith.  “[I]n
cases where a person’s character or character trait is an essential element of
a . . . defense, proof may also be made of specific instance of that person’s
conduct.”  Tex. R. Evid. 405; Mozon,
991 S.W.2d at 846; Dudzik, 276 S.W.3d at 561.  

            The purpose
of Rule 404, which allows inclusion of a victim’s extraneous offenses, is to
develop a propensity for violence that can support a theory of
self-defense.  Excluding evidence of a
type the Legislature intended to be before a jury, by concluding that a fact-finder
might conclude a victim deserved his or her injuries, should be rarely done.

            Instead,
here we ask whether the evidence tends to tempt the jury into making a finding on
grounds apart from proof relating to the offenses or defenses charged.  Morales
v. State, 293 S.W.3d 901, 912 (Tex. App.—Texarkana 2009, pet. ref’d).  This factor seeks to limit a jury’s finding
based on emotional response.  See Ex parte Lane, 303 S.W.3d 702, 715
(Tex. Crim. App. 2009).  The extraneous
offenses were probative of Tomasheski’s belief that punching Stokes was
reasonable, a matter the jury was charged with deciding.  It does not appear from the record why
knowledge of Stokes’ extraneous offenses would tempt the jury into a verdict,
decided on irrelevant grounds, that Tomasheski acted in self-defense in
punching Stokes.  See id.  Thus, we do not
believe that the jury would be improperly impressed by the extraneous offenses
given the facts of this case.  The second
factor also favors admission of the excluded evidence.

            C.        Length
of Time to Present Extraneous Offenses Would Likely Be Short

 

            Next, the
proffered evidence would be established by Stokes’ ex-wife and Dewberry, who
would testify that Stokes assaulted them with a baseball bat.  It would likely take little time to present
these witnesses.  The third factor also
favors admission of the extraneous offenses.

            D.        Tomasheski’s
Need for the Evidence Was Slim

 

            The next
factor is Tomasheski’s need for this evidence to prove a fact of
consequence.  After the hearing on the
State’s motion in limine, Tomasheski took the stand during guilt/innocence and
testified Stokes was “coming at [him]” with his fists clenched.  Tomasheski “decked him . . . right on the
mouth.”  Stokes got up, quickly walked
four or five feet to another room, and came out swinging the baseball bat at
Tomasheski.  Tomasheski then testified he
took the bat from Stokes, pushed him to the ground, and left without taking the
bat.[2]  As stated, Tomasheski denied hitting Stokes
with the bat.  Although Tomasheski might
have wanted the jury to hear evidence of extraneous offenses to help establish
his reasonable belief that punching Stokes was necessary for his self-defense,
the trial court was within its discretion to find the actual need for the
evidence was minimal.  This factor weighs
against admission.

            Rule
403 “creates a presumption of admissibility of all relevant evidence and authorizes
a trial judge to exclude such evidence only when there is a ‘clear disparity
between the degree of prejudice of the offered evidence and its probative
value.’” Mozon, 991 S.W.2d 841
(citation omitted).  Evidence will be
considered “unfairly prejudicial” only when it has an undue tendency to suggest
that a decision be made on an improper basis, commonly an emotional one.  Id. (citing Montgomery, 810 S.W.2d at 389).  Only one of the four factors in this case
weighs against the admission of the extraneous offenses to support Tomasheski’s
belief that immediate force was necessary. 
In balancing the Rule-403 factors, we find that the probative value of
the extraneous offenses was not substantially[3]
outweighed by the danger of unfair prejudice.  The evidence of Stokes’ extraneous offenses
should have been allowed.  But that error
is not reversible unless it was also harmful to Tomasheski.

            Tomasheski
argues in his brief that exclusion of extraneous offenses violated his
constitutional right to due process and that, therefore, we are to evaluate
harm under a constitutional harm analysis. 
Points of error on appeal must correspond or comport with objections and
arguments made at trial.  Wright v. State, 154 S.W.3d 235, 241
(Tex. App.—Texarkana 2005, pet. ref’d) (citing Dixon v. State, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998)).  “Where a trial objection does not comport with
the issue raised on appeal, the appellant has preserved nothing for review.”  Id.;
see Tex. R. App. P. 33.1; Ibarra v. State, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999).  Tomasheski “did not fairly and specifically
object to the exclusion of this evidence on the constitutional due process
basis he now urges on appeal.”  See id.
 We will not address Tomasheski’s
nonpreserved due process claim.

            We examine
the record as a whole when evaluating harm from nonconstitutional error flowing
from the exclusion of relevant evidence, “and if we are fairly assured that the
error did not influence the jury or had but a slight effect, we conclude that
the error was harmless.”  Walters v. State, 275 S.W.3d 568, 571
(Tex. App.—Texarkana 2008, no pet.) (citing
Ray v. State, 178 S.W.3d 833, 836 (Tex. Crim. App. 2005); Morales v. State, 32 S.W.3d 862, 867
(Tex. Crim. App. 2000)).

            Because Tomasheski
denied hitting Stokes with the baseball bat, he could not have employed the
theory of self-defense for that part of the alleged assault.  Thus, admission of the extraneous-offense
evidence would have no bearing on the question of Tomasheski’s motivation when
he struck Stokes with a baseball bat as the State alleged in count one of the
indictment.  In this case, Stokes told
the jury Tomasheski hit him with the baseball bat, Knight testified to Stokes’ “bleeding
from his scalp” and shoulder injury, and the jury heard Stokes required a
craniotomy and fell into a coma. 
Assessing the credibility of the testimony is within the province of the
jury.  Stubblefield v. State, 79 S.W.3d 171, 176 (Tex. App.—Texarkana
2002, pet. ref’d).  Considering the evidence
presented in this record, the trial court was free to disbelieve Tomasheski’s
assertion that he only punched Stokes once and that he did not hit him with the
baseball bat.  The indictment also
alleged Tomasheski hit Stokes with his hands, a fact he confirmed, but
testified was done in self-defense. 
Again, the jury was free to believe Stokes’ testimony that Tomasheski
was the first aggressor.  Therefore,
because we are fairly assured that exclusion of the extraneous offenses did not
influence the jury or had but a slight effect—in its finding against Tomasheski
on his claim that his initial punch was in self-defense—we conclude that there
was no harm.

            We affirm
the judgment of the trial court.  

 

 

 

                                                                                                Josh
R. Morriss, III

                                                                                                Chief
Justice

 

Date Submitted:          June
3, 2010    

Date Decided:             June
23, 2010

 

Do Not Publish

 

 

 











[1]The
general rule is that all evidence having any tendency to make the existence of
any fact that is of consequence to the determination of the action more or less
probable, is admissible.  Tex. R. Evid. 401, 402.  The trial court agreed that evidence of Stokes’
character was relevant.





[2]In
addition to this evidence, Tomasheski introduced reputation testimony that
Stokes did not have a good reputation for truthfulness.  The State argues this reduced Tomasheski’s
need for the evidence.  However, Stokes’
reputation for truthfulness, as opposed to his propensity for violence, was not
a fact of consequence in the case.  





[3]We
note that the trial court’s finding did not expressly include the word
“substantially” in its ruling excluding the evidence.

 

Now,
considering that there’s two episodes here and considering the fact that the
defendant was in the victim’s house, considering the fact that the defendant
had an opportunity to leave the house before the victim brought the baseball
bat back, then it seems to me under the Mozon
case, even though the evidence of extraneous acts is admissible under 404, it
is not admissible under 403 because the danger of unfair prejudice outweighs
the probative value.  It’s essentially as
the dissent stated in the Mozon case.

 

Missing from that finding is the key term used
in Rule 403—that danger of unfair prejudice substantially
outweighs the probative value.